WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer, Esq. (GH 7732)
Stephen A. Youngman, Esq. (*pro hac vice*)
Shai Y. Waisman, Esq. (SW 6854)

Attorneys for Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | Chapter 11 Case No. |
| | : | |
| SILICON GRAPHICS, INC., *et al.*, | : | 06-10977 (BRL) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------x

## DEBTORS' REPLY TO OBJECTIONS AND RESPONSES TO DEBTORS' MOTION SEEKING, AMONG OTHER THINGS, APPROVAL OF DISCLOSURE STATEMENT

TO THE HONORABLE BURTON R. LIFLAND,
UNITED STATES BANKRUPTCY JUDGE:

       1.     Annexed hereto as Exhibit "A" is a summary of the objections and responses (the "Objections") to the approval of the Debtors'[1] proposed disclosure statement, dated July 26, 2006 (as amended, the "Disclosure Statement") for the Debtors' First Amended Joint Plan of Reorganization, dated July 26, 2006 (as amended, the "Plan") and the Debtors' responses thereto. The Debtors received three creditor

---

[1] Capitalized terms used herein but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan and Disclosure Statement.

objections and six shareholder objections (each, an "Objector," and collectively, the "Objectors") to the Disclosure Statement (and a reservation of rights by the Creditors' Committee).

2. **<u>Creditors' Committee's Reservation of Rights</u>.** On July 25, 2006, the Creditors' Committee filed its Reservation of Rights with Respect to Debtors' Motion for Approval of the Disclosure Statement and Related Relief (the "Committee Response"). The Debtors and the Creditors' Committee worked together in an effort to resolve the issues raised in the Committee Response. All of these issues have been resolved as set forth in Exhibit "A."

3. **<u>Objections to the Disclosure Statement</u>.** Only three of the Objections raise issues regarding the adequacy of the Disclosure Statement: (i) Lampe Conway & Co., LLC ("Lampe"), (ii) LG Electronics, Inc. ("LGE"), and (iii) SPL Integrated Solutions ("SPL"). The nature of each such Objection and the Debtors' response thereto, including language the Debtors have added to the Disclosure Statement, is set forth in Exhibit "A." The Objections filed by Lampe and LGE have been resolved as set forth in Exhibit "A." For the reasons set forth in Exhibit "A" and with the added language described therein, the Court should overrule SPL's Objection.

4. Six of the Objections were filed by holders of Silicon Graphics' common stock and raise only confirmation issues, not disclosure issues as is shown on Exhibit "A." The hearing on the adequacy of information contained in a disclosure statement is not the appropriate time to assert arguments regarding the confirmability of a plan of reorganization. As one court stated, "[i]f creditors oppose their treatment in the plan, but the Disclosure Statement contains adequate information, issues respecting the

plan's confirmability will await the hearing on confirmation." *In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 172 (Bankr. S.D. Ohio 1988). Confirmation issues and challenges should be determined at the hearing to consider confirmation of a plan of reorganization, subject to the full panoply of due process protections available to parties in interest at that time.

5. Indeed, review of issues affecting confirmation of a plan is permitted only when the proposed plan of reorganization is "patently" or "facially" unconfirmable. *See In re Cardinal Congregate I*, 121 B.R. 760, 764 (Bankr. S.D. Ohio 1990) ("Where objections relating to confirmability of a plan of reorganization raise novel or unsettled issues of law, *the Court will not look behind the disclosure statement to decide such issues at the hearing on the adequacy of the disclosure statement*.") (emphasis added); *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 980 (Bankr. N.D.N.Y. 1988) ("[C]*are must be taken to ensure that the hearing on the disclosure statement does not turn into a confirmation hearing*, due process considerations are protected and objections are restricted to those defects that could not be cured by voting.") (emphasis added); *In re Monroe Well Serv., Inc.*, 80 B.R. 324, 333 (Bankr. E.D. Pa. 1987) ("Occasionally it might be appropriate to disapprove of a disclosure statement, even if it properly summarizes and provides adequate information, when the court is convinced that the plan could not possibly be confirmed.").

6. None of the Objections asserts that the Plan is "patently" or "facially" unconfirmable. Confirmation objections should not be addressed at the hearing to consider approval of the Disclosure Statement because due process considerations entitle each creditor and interest holder, as well as the Debtors, to be heard on the merits

of these issues. The proper time for determination of these Objections is at the Confirmation Hearing.

7. Additional responses to each of the Objections raised by the Objectors are set forth on Exhibit "A." The Debtors will also present arguments in support of their responses at the hearing to approve the Disclosure Statement.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested in the Debtors' motion to approve, among other things, the Disclosure Statement, denying the objections to the Disclosure Statement and granting such other and further relief as is just.

Dated: July 26, 2006
New York, New York

/s/ Gary Holtzer
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer, Esq. (GH 7732)
Stephen A. Youngman, Esq. (*pro hac vice*)
Shai Y. Waisman, Esq. (SW 6854)

Attorneys for Debtors and
Debtors in Possession

# **Exhibit A**

| OBJECTOR | NATURE OF OBJECTION/RESERVATION | RESPONSE |
|---|---|---|
| Creditors' Committee | The Creditors' Committee reserved its right to object to the Disclosure Statement based upon whether the $9 million that will be distributed to holders of allowed claims in Class 6 (Silicon Graphics General Unsecured Claims) will be held in an escrow account for the sole benefit of holders of such claims. | The Debtors have agreed to fund the $9 million into a segregated account that will be held for the benefit of holders of allowed claims in Class 6 by a disbursing agent other than the Debtors or Reorganized Debtors. This agreement resolves this reservation of rights. |
| | The Creditors' Committee reserved its right to object to the Disclosure Statement based upon whether distributions to Class 6 (Silicon Graphics General Unsecured Claims) are made each 90 days after the Initial Distribution Date. | The Debtors have revised the Disclosure Statement and Plan such that the Debtors anticipate that distributions will occur on the Initial Distribution Date, at the end of December 2006, and each 90 days thereafter. This agreement resolves this reservation of rights. |
| | The Creditors' Committee reserved its right to object to the Disclosure Statement based upon whether the Committee will be granted consult or consent rights with respect to certain Plan-related documents, including, but not limited to the proposed order confirming the Plan (the "Confirmation Order"). | The Debtors have provided consult rights to the Creditors' Committee as requested and consent rights with respect to the Confirmation Order. This agreement resolves this reservation of rights. |
| | The Creditors' Committee reserved its right to object to the Disclosure Statement based upon whether a post-effective date claims monitor will be appointed to protect the holders of claims in Class 6 (Silicon Graphics General Unsecured Claims). | This reservation has been withdrawn. The Debtors are cognizant of their fiduciary duties in resolving claims. |

| OBJECTOR | NATURE OF OBJECTION/RESERVATION | RESPONSE |
|---|---|---|
| Lampe | The Disclosure Statement fails to provide adequate information with respect to the disagreement between Lampe and the Debtors concerning the import of the subordination provisions in the Cray Indenture. | The Debtors have added the following language to the Disclosure Statement to address this issue:<br><br>The Cray Indenture Trustee and Lampe Conway, holder of a majority of the Cray Unsecured Debentures, contest the Debtors' assertions regarding the subordination provisions in the Cray Indenture. The Cray Indenture Trustee and Lampe Conway contend, among other things that (i) the First Supplemental Indenture does not provide that SGI's obligations with respect to the Cray Unsecured Debentures were subordinated to any other indebtedness of SGI; (ii) subordination of the Cray Unsecured Debentures is limited to "Senior Indebtedness," which excludes any debt that itself is subordinated to other debt; (iii) because the Intercreditor Agreement subordinates the Secured Notes to the Prepetition Credit Agreement Claims, the debt relating to the Secured Notes is itself subordinated and therefore falls outside the definition of "Senior Indebtedness" in the Cray Indenture; and (iv) following SGI's acquisition of Cray, Cray continued to exist as the surviving corporation such that both Cray as the "Company" under the Cray Indenture and SGI, under the First Supplemental Indenture, were and are obligated to pay all amounts owing under the Cray Indenture with respect to the Cray Unsecured Debentures.<br><br>As noted above, the Debtors dispute each of these allegations. As part of the Global Settlement, |

| OBJECTOR | NATURE OF OBJECTION/RESERVATION | RESPONSE |
|---|---|---|
| | | these issues have been settled and compromised pursuant to the terms of the Plan.<br><br>Insertion of this language has resolved this objection. |
| | The Disclosure Statement fails to provide adequate information with respect to whether Reorganized Silicon Graphics will remain a public reporting company. | The Debtors have added the following language to the Disclosure Statement to address this issue:<br><br>Upon emergence, approximately 93% of the New Common Stock will have been issued to holders of Secured Note Claims. As a result of such concentration of the equity of the New Common Stock, it is possible that such holders could approve a transaction which would reduce the number of stockholders to below 300 stockholders and cause Reorganized Silicon Graphics to become a private company. Pursuant to the Global Settlement Agreement, Reorganized Silicon Graphics will emerge from chapter 11 as a public reporting company. As of the date hereof, the Debtors are unaware of any plans by parties who will be holders of New Common Stock to cause Reorganized Silicon Graphics to become a private company. However, the members of the New Board of Reorganized Silicon Graphics have not yet been selected, and decisions regarding such matters will be made by such New Board.<br><br>Insertion of this language has resolved this objection. |

| OBJECTOR | NATURE OF OBJECTION/RESERVATION | RESPONSE |
|---|---|---|
| LGE | The Disclosure Statement fails to provide adequate information regarding LGE's patent infringement claims against Silicon Graphics, the damages allegedly owing by Silicon Graphics to LGE on account thereof, and the potential impact of such claims on the Debtors and their estates. | The Debtors have added the following language to the Disclosure Statement to address this issue:<br><br>LG Electronics. In December 2000, SGI was informed by LG Electronics ("LGE") that LGE believed SGI was infringing eight patents owned by LGE. SGI does not believe that the claims of LGE are meritorious. During the past several years, the parties have exchanged correspondence and held numerous meetings. Although LGE has made a money demand to settle its claims, no formal action has yet been filed. LGE is currently in the process of litigating similar patent claims with several other system manufacturers and has indicated to SGI that it is reserving all rights concerning its claims pending the resolution of that litigation. SGI has not received any further correspondence from LGE since an April 5, 2004 letter indicating that the lawsuits against the other companies were still pending and that LGE would continue licensing discussions at any time. No further communications regarding the potential action have taken place since that letter.<br><br>Insertion of this language has resolved this objection. |

| OBJECTOR | NATURE OF OBJECTION/RESERVATION | RESPONSE |
|---|---|---|
| SPL | The Disclosure Statement fails to acknowledge certain monies held in trust by the Debtors for the benefit of SPL. | The Debtors have added the following language to the Disclosure Statement to address this issue:<br><br>SPL Integrated Solutions ("SPL") asserts that certain funds in the amount of $144,737.24 in the possession of the Debtors are held in trust pursuant to state law for the benefit of SPL and are not property of the Debtors' estates. The Debtors are investigating this contention. To the extent the Debtors agree or SPL successfully asserts that such funds are not property of the estate, such funds will not vest in the Reorganized Debtors on the Effective Date pursuant to the Plan.<br><br>Insertion of this language has resolved this objection. |
| | The Disclosure Statement, which identifies a cap of $1 million for general unsecured claims against SGI Federal, is "inconsistent" with SGI Federal's schedule of liabilities, which identifies $390,685,034.00 of general unsecured claims against SGI Federal. | There is no inconsistency. Deducting intercompany claims (which are separately classified) and anticipated cure claims (which will become administrative expenses) from the scheduled amount leaves less than $1 million of general unsecured claims against SGI Federal. This has been explained to SPL. |
| Katherine and George Alexander | Silicon Graphics engaged in fraudulent conduct and the Plan provides for the elimination of existing shareholders. | This is not an objection to the adequacy of the information contained in the Disclosure Statement. This objection is a confirmation issue that may be addressed at the Confirmation Hearing. |

**IN RE SILICON GRAPHICS, INC., ET AL.
RESPONSE TO OBJECTIONS TO DISCLOSURE STATEMENT**

| OBJECTOR | NATURE OF OBJECTION/RESERVATION | RESPONSE |
|---|---|---|
| Songqing Xu | Silicon Graphics failed to hold the required annual shareholder meetings and the hearing to consider approval of the Disclosure Statement should not go forward at this time due to the possible undervaluing of the potential market value of SGI's new products and the Debtors' interest in SGI Japan. | This is not an objection to the adequacy of the information contained in the Disclosure Statement. This objection is a confirmation issue that may be addressed at the Confirmation Hearing. |
| Yonjun Liu and Hui Ren | Silicon Graphics failed to hold the required annual shareholder meetings and the hearing to consider approval of the Disclosure Statement should not go forward at this time due to the possible undervaluing of the potential market value of SGI's new products and the Debtors' interest in SGI Japan. | This is not an objection to the adequacy of the information contained in the Disclosure Statement. This objection is a confirmation issue that may be addressed at the Confirmation Hearing. |
| Mohendra S. Bawa, Ph.D. and Mrs. Ofir B. Bawa | Existing holders of Silicon Graphics' common stock should be permitted the opportunity to participate in a secondary stock offering to foster a turnaround of the company. | This is not an objection to the adequacy of the information contained in the Disclosure Statement. This objection is a confirmation issue that may be addressed at the Confirmation Hearing. |
| Kozo Yamada | The Plan is unfair because shareholders did not have input into the plan and the Plan provides for the elimination of existing shareholders without providing existing shareholders with new shares, warrants or rights in the restructured Silicon Graphics. | This is not an objection to the adequacy of the information contained in the Disclosure Statement. This objection is a confirmation issue that may be addressed at the Confirmation Hearing. |

| OBJECTOR | NATURE OF OBJECTION/RESERVATION | RESPONSE |
|---|---|---|
| Yogesh S. Shah and Mrudula Y. Shah | Silicon Graphics engaged in fraudulent conduct and the Plan provides for the elimination of existing shareholders. | This is not an objection to the adequacy of the information contained in the Disclosure Statement. This objection is a confirmation issue that may be addressed at the Confirmation Hearing. |