WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer, Esq. (GH 7732)
Stephen A. Youngman, Esq. (*pro hac vice*)
Shai Y. Waisman, Esq. (SW 6854)

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**In re**                                                       :
                                                                :          **Chapter 11 Case No.**
                                                                :
**SILICON GRAPHICS, INC.,** *et al.*,           :          **06-10977 (BRL)**
                                                                :
                              **Debtors.**                :          **(Jointly Administered)**
                                                                :
-------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT AND ORDER BETWEEN THE DEBTORS AND INTEL CORPORATION MODIFYING AUTOMATIC STAY TO EFFECTUATE A SETOFF OF CERTAIN PREPETITION AMOUNTS

PLEASE TAKE NOTICE that the undersigned will present the annexed

proposed Stipulation, Agreement and Order Between the Debtors and Intel Corporation

Modifying the Automatic Stay to Effectuate a Setoff of Certain Prepetition Amounts to

the Honorable Burton R. Lifland, United States Bankruptcy Judge, for signature on

September 7, 2006 at 12:00 noon (prevailing Eastern time).

PLEASE TAKE FURTHER NOTICE that responses or objections, if any,

to the proposed Stipulation, Agreement and Order must be in writing, must conform to

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules

of the Bankruptcy Court for the Southern District of New York, must set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party against the Debtors' estates or property, the basis for the objection and the specific grounds therefore, and must be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System may be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182, and any objection must further be served upon:  (i) Silicon Graphics, Inc., 1200 Crittenden Lane, Mountain View, California 94043, Attention: Barry Weinert, Esq.; (ii) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153, Attention:  Gary T. Holtzer, Esq. and Shai Y. Waisman, Esq.; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attention:  Lisa L. Lambert, Esq.; (iv) Winston & Strawn LLP, counsel to the official committee of unsecured creditors, 200 Park Avenue, New York, New York 10166, Attention:  David Neier, Esq. and 333 S. Grand Avenue, Los Angeles, California 90071, Attention:  Eric Sagerman, Esq.; and (v) Greenberg Traurig, LLP, counsel to Intel Corporation, 200 Park Avenue, New York, New York 10166, Attention: Richard S. Miller, Esq., so as to be received no later than **September 7, 2006, at 11:30 a.m. (prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that, if no objections to the

Stipulation, Agreement and Order are timely filed, served and received in accordance

with this Notice, the Court may enter an order approving the Stipulation, Agreement and

Order without further notice or hearing.

Dated: August 24, 2006
      New York, New York

                /s/ Gary Holtzer
                Gary T. Holtzer, Esq. (GH 7732)
                Stephen A. Youngman, Esq. (*pro hac vice*)
                Shai Y. Waisman, Esq. (SW 6854)
                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, NY 10153-0119
                Telephone: (212) 310-8000
                Facsimile: (212) 310-8007

                ATTORNEYS FOR THE DEBTORS
                AND DEBTORS IN POSSESSION

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer, Esq. (GH 7732)
Stephen A. Youngman, Esq. (*pro hac vice*)
Shai Y. Waisman, Esq. (SW 6854)

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
```
| | | |
|---|---|---|
| **In re** | : | |
| | : | **Chapter 11 Case No.** |
| | : | |
| **SILICON GRAPHICS, INC.,** *et al.*, | : | **06-10977 (BRL)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |
```
-----------------------------------------------------------x
```

### STIPULATION, AGREEMENT AND ORDER BETWEEN THE
### DEBTORS AND INTEL CORPORATION MODIFYING AUTOMATIC
### STAY TO EFFECTUATE A SETOFF OF CERTAIN PREPETITION AMOUNTS

RECITALS:

A.      On May 8, 2006 (the "Commencement Date"), Silicon Graphics, Inc.

("Silicon Graphics") and its direct and indirect subsidiaries in the above-referenced

chapter 11 cases (collectively, the "Debtors" and, together with their non-debtor affiliates

and subsidiaries, "SGI") each commenced with this Court a voluntary case under chapter

11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors are

authorized to continue to operate their businesses and manage their properties as debtors

in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.	The Debtors and other SGI entities are parties to numerous executory contracts with Intel Corporation (together with Intel Americas, Inc. and their affiliates and subsidiaries, "Intel," and together with SGI, the "Parties"), including but not limited to, that certain Development Assistance and License Agreement, dated as of March 12, 1998, as amended (collectively, the "Agreements").  Pursuant to the Agreements, both prior to and after the Commencement Date, SGI and Intel have been collaborating to develop, market and sell computer server systems based upon Intel microprocessors and related products.

C.	For purposes of this Stipulation, Agreement and Order, SGI and Intel stipulate that, as of the Commencement Date, SGI owes Intel an aggregate amount of $4,593,666.60 (the "SGI Prepetition Debts"), and that the SGI Prepetition Debts consist of (i) $205,746.60 in royalty fees owed by SGI to Intel for Intel software sold by SGI to its customers and (ii) an accounts receivable balance of $4,387,920.00 owed by SGI to Intel for microprocessor and related product purchases.

D.	For purposes of this Stipulation, Agreement and Order, the Parties stipulate that, as of the Commencement Date, Intel owes SGI an aggregate amount of $6,010,072.73 (the "Intel Prepetition Debts," and together with the SGI Prepetition Debts, the "Prepetition Debts"), and that the Intel Prepetition Debts consist of (i) $1,667,490.00 in cash credits owed by Intel to SGI relating to certain after-purchase discounts on Intel products utilized by SGI as components in their integrated computer systems, which SGI then sells to third parties (the "Discount Credits"), (ii) $3,743,555.00 in pending Discount Credits, (iii) $86,030.00 owed by Intel to SGI for returned products, (iv) $95,000.00 in marketing assistance credits owed by Intel to SGI for the funding of

joint marketing efforts, and (v) $417,997.73 owed by Intel to SGI for advertising and use of the "Intel Inside" logo in connection therewith.

E.     SGI and Intel agree that, (i) with respect to those portions of the above stipulated amounts that are owed between the Debtors and Intel, pursuant to section 553(a) of the Bankruptcy Code and subject to the automatic stay extant in these chapter 11 cases pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay"), and (ii) pursuant to the terms of this agreement with respect to amounts owed between non-Debtor SGI entities and Intel, Intel shall be entitled to setoff the SGI Prepetition Debts against the Intel Prepetition Debts (the "Setoff"), leaving a balance of $1,416,406.13 owed by Intel to SGI (the "Credit Amount").

F.     The Parties have negotiated a resolution of the foregoing matters by agreeing as provided for herein that (i) subject to the terms set forth below, the Automatic Stay should be modified for the sole limited purpose of permitting Intel to effectuate the Setoff and (ii) pursuant to the terms set forth below, Intel should credit and pay to SGI the Credit Amount.

NOW, THEREFORE, in consideration of the foregoing, the Parties hereby agree as follows:

1.     Within twelve (12) business days after this Stipulation, Agreement and Order has been approved and "So-Ordered" by the Court and has become a final, non-appealable order through the expiration of any applicable appeal period (a "Final Order"), Intel will remit to Silicon Graphics the amount of $512,997.73, by check or wire transfer. The date of such payment is herein referred to as the "Effective Date."  As of the Effective Date, Intel shall grant SGI a credit in the amount of $903,408.40 to be applied

towards amounts due to Intel by SGI in the ordinary course of their business from and after the Commencement Date.

2.      Effective as of the Effective Date, the Automatic Stay of section 362(a) of the Bankruptcy Code shall be modified solely to the extent necessary to permit Intel to effectuate the Setoff.  Except as provided in the preceding sentence, the provisions of the Automatic Stay, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose before the commencement of the Debtors' chapter 11 cases from the Debtors and/or assets or property of the Debtors' estates (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

3.      As of the Effective Date, SGI shall fully and finally release, acquit, and forever discharge Intel and its affiliates and estates and their respective successors and assigns, and their respective past, present and future members, officers, directors, principals, agents, insurers, servants, employees, representatives, trustees and attorneys from (i) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code) and causes of action, of any type, whether known or unknown (collectively, the "Claims") which SGI may now have or have ever had, relating to or arising from the Prepetition Debts and (ii) any Claims under sections 522, 542, 543, 544, 545, 547, 548, 550, 553 and 724(a) of the Bankruptcy Code;  *provided, however*, Intel shall not be released, acquitted, or discharged from indemnification obligations, other than indemnification obligations related to the Prepetition Debts, or its existing obligations to provide warranty, support and maintenance services on Intel products purchased by SGI either prior to or after the Commencement Date.

4.      As of the Effective Date, Intel shall fully and finally release, acquit, and

forever discharge SGI and its affiliates and estates and their respective successors and

assigns, and their respective past, present and future members, officers, directors,

principals, agents, insurers, servants, employees, representatives, trustees and attorneys

from any and all Claims which Intel may now have or have ever had, relating to or

arising from the Prepetition Debts (collectively, the "Prepetition Debt Claims");

*provided, however,* SGI shall not be released, acquitted, or discharged from (i) any

obligations owed to Intel arising from business between SGI and Intel from and after the

Commencement Date, (ii) any right of setoff or recoupment, other than rights of setoff or

recoupment related to the Prepetition Debt Claims, that arise from business between SGI

and Intel prior to the Commencement Date, or (iii) any rights of Intel under assumed

contracts between SGI and Intel.

5.      Nothing in this Stipulation, Agreement and Order is intended to be or shall

be a release of any claims arising out of the failure to comply with the terms of this

Stipulation, Agreement and Order.

6.      This Stipulation, Agreement and Order contains the entire agreement

between the Parties as to the subject matter hereof and supersedes all prior agreements

and undertakings between the Parties relating thereto.  Notwithstanding anything herein

to the contrary, this Stipulation, Agreement and Order is subject to the approval of the

Bankruptcy Court by Final Order.  In the event such approval does not occur by Final

Order by September 23, 2006, this Stipulation, Agreement and Order shall be null and

void and of no force and effect, and in such event (i) the Parties shall be entitled to assert

all claims and defenses as if it had not been entered into (including that the amounts owed

or purported to be owed between the Parties are different than as stated herein or are subject to certain defenses, including any requirements set forth in the Agreements), and (ii) none of the recitals, statements and agreements contained herein may be used in any proceeding, including for evidentiary purposes or as an admission by any Party, it being understood and agreed by the Parties that all such recitals, statements and agreements are only for purposes of effecting this Stipulation, Agreement and Order.

      7.      This Stipulation, Agreement and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of this Court.

      8.      Each person who executes this Stipulation, Agreement and Order represents that he or she is duly authorized to execute this Stipulation, Agreement and Order on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation, Agreement and Order.

9.      This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies or facsimiles signed by the Parties hereto to be charged.

Dated:  August 24, 2006
         New York, New York


By: /s/ Shai Waisman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer, Esq. (GH 7732)
Stephen A. Youngman, Esq. (*pro hac vice*)
Shai Y. Waisman, Esq. (SW 6854)

Attorneys for SGI, including the Debtors
and Debtors in Possession

By: /s/ Robert Honeywell
GREENBERG TRAURIG LLP
200 Park Avenue, 20th Fl.
New York, NY  10166
Telephone: (212) 801-6767
Facsimile: (212) 805-5567
Richard S. Miller (RM-2428)
Robert T. Honeywell (RH-7684)

Attorneys for Intel


SO ORDERED, this
___ day of September, 2006


_____
UNITED STATES BANKRUPTCY JUDGE