**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
| | |
|---|---|
| In re | : |
| | :     **Chapter 11 Case No.** |
| | : |
| **SILICON GRAPHICS, INC.,** *et al.*, | :     **06- 10977 (BRL)** |
| | : |
| Debtors. | :     **(Jointly Administered)** |
| | : |

-----------------------------------------------------------------x

## FINAL ORDER PURSUANT TO SECTION 364(c)(2) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO INCUR SECURED DEBT FROM AFCO PREMIUM ACCEPTANCE, INC. FOR THE PURPOSE OF FINANCING THE DEBTORS' INSURANCE PREMIUMS

Upon consideration of the Motion, dated July 24, 2006 (the "Motion"), of

Silicon Graphics, Inc. ("Silicon Graphics") and certain of its direct and indirect

subsidiaries in the above-referenced chapter 11 cases, as debtors and debtors in

possession (collectively, the "Debtors" and, together with their non-debtor subsidiaries,

"SGI"), seeking authority pursuant to section 364(c)(2) of title 11 of the United States

Code (the "Bankruptcy Code") to incur secured debt from AFCO Premium Acceptance,

Inc., a wholly owned subsidiary of AFCO Premium Credit LLC, a joint venture of AFCO

Credit Corporation and Marsh USA Inc. ("AFCO") for the purpose of financing certain

of the Debtors' insurance premiums (the "Insurance Premiums"), all as more fully set

forth in the Motion and that certain Premium Finance Agreement (the "Agreement"),

substantially in the form annexed to the Motion as Exhibit A; and the Court having

jurisdiction to consider the Motion and the relief requested therein in accordance with 28

U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court

Judges of the District Court for the Southern District of New York, dated July 19, 1984

(Ward, Acting C.J.); and consideration of the Motion and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel to the official committee of unsecured creditors appointed in these cases, (iii) counsel to Wells Fargo Foothill, Inc., the Debtors' prepetition secured lender, (iv) counsel to the *ad hoc* committee of the Debtors' senior noteholders, (v) counsel to Morgan Stanley Senior Funding, Inc., the agent for the Debtors' postpetition credit facility, (vi) counsel to U.S. Bank National Association, indenture trustee for the Debtors' senior noteholders, (vii) counsel to JPMorgan Chase Bank, indenture trustee for the Debtors' subordinated noteholders, (viii) counsel to AFCO, and (ix) all parties on the Master Service List established in accordance with this Court's order, dated May 31, 2006, establishing notice procedures in these chapter 11 cases; and upon the Motion and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 364(c)(2) of the Bankruptcy Code, the Debtors are authorized to (i) enter into, and pay all sums due under, the Agreement and (ii) grant AFCO a security interest in all unearned Insurance Premiums which may become payable under the Debtors' insurance policies identified in the Agreement (the "Insurance Policies") and loss payments which reduce the unearned Insurance Premiums subject to any mortgagee or loss payee interests, as described in the Agreement; and it is further

2

ORDERED that, in the event that the Debtors default upon any of the terms of the Agreement, the automatic stay provisions of section 362 of the Bankruptcy Code (the "Automatic Stay") shall be modified solely to the extent necessary to permit AFCO and its assignee to exercise such rights (and solely with respect to the Insurance Policies) as it may otherwise have under applicable state law, notwithstanding the pendency of these cases, and without prejudice to the Debtors' rights under such state law, and, without the necessity of further application to this Court, to cancel the Insurance Policies financed under the Agreement, after giving any notice to the Debtors as required by applicable state law. Except as provided in the preceding sentence, the provisions of the Automatic Stay shall remain in full force and effect; and it is further

ORDERED that, in the event of a default by the Debtors under the Agreement and as described in the immediately preceding decretal paragraph, AFCO and its assignee may receive and apply all unearned premiums returned to the Debtors upon cancellation of the Insurance Policies to any amounts owing by the Debtors to AFCO, without further order of this Court; and it is further

ORDERED that, in the event that, upon cancellation of the Insurance Policies financed by AFCO as a result of a default by the Debtors, the unearned premiums received by AFCO are insufficient to pay the Debtors' total amount due to AFCO, any remaining amount owing to AFCO shall be given administrative expense priority under section 503 of the Bankruptcy Code in any distribution of assets pursuant to the Debtors' plan of reorganization; and it is further

ORDERED that the Debtors are authorized to execute and deliver such documents and amendments to the Agreement as the Debtors deem necessary or desirable in order to carry out this Order; and it is further

ORDERED that reversal or modification on appeal of the authorization under this Order and section 364 of the Bankruptcy Code shall not affect the validity of the debt or lien granted to AFCO pursuant to the Agreement and consistent with this Order, as provided by section 364(e) of the Bankruptcy Code; and it is further

ORDERED that AFCO's rights pursuant to the Agreement and applicable state law shall be preserved and protected and shall not be impaired by the pendency of the chapter 11 cases, the conversion of these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code, or the appointment of a trustee; and it is further

ORDERED that the requirement pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that the Debtors file a separate memorandum of law in support of the Motion is deemed satisfied.

Dated: August 30, 2006
New York, New York

/s/Burton R. Lifland_____
HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE