WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer, Esq. (GH 7732)
Stephen A. Youngman, Esq. (*pro hac vice*)
Adam P. Strochak, Esq. (AS 4104)
Shai Y. Waisman, Esq. (SW 6854)

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
| | |
|---|---|
| In re : | |
| : | **Chapter 11 Case No.** |
| : | |
| **SILICON GRAPHICS, INC.,** *et al.*, : | **06-10977 (BRL)** |
| : | |
| Debtors. : | **(Jointly Administered)** |
| : | |

-----------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER BETWEEN
THE DEBTORS AND LG ELECTRONICS, INC. RESOLVING MOTION FOR
<u>RELIEF FROM THE AUTOMATIC STAY AND OTHER DISPUTES</u>**

**RECITALS**

A.    On May 8, 2006 (the "Commencement Date"), Silicon Graphics, Inc.

("Silicon Graphics") and its direct and indirect subsidiaries in the above-referenced

chapter 11 cases (collectively, the "Debtors") each commenced with this Court a

voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy

Code").

B. On June 30, 2006, the Debtors filed their First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan") and the Disclosure Statement for the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code. The hearing on confirmation of the Plan is set for September 19, 2006.

C. On or about August 3, 2006, LG Electronics, Inc. ("LGE") filed a motion for (i) relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code to proceed with certain patent infringement claims against the Debtors in the appropriate district court and (ii) confirmation that the automatic stay is inapplicable to LGE's ability to commence a proceeding in a district court against Silicon Graphics with respect to Silicon Graphics' alleged postpetition infringement of certain of LGE's patents (the "Stay Relief Motion").

D. On or about August 3, 2006, LGE filed a proof of claim (Claim No. 623) against Silicon Graphics, whereby LGE asserts an unsecured, nonpriority, contingent and unliquidated claim for damages (the "Silicon Graphics Claim") alleging infringement of eight U.S. patents: No. 4,654,484; No. 4,747,070; No. 4,918,645; No. 4,926,419; No. 4,939,641; No. 5,077,733; No. 5,379,379; and No. 5,892,509 (collectively, the "LGE Patents").

E. LGE also filed protective proofs of claim (Claim Nos. 619, 620, 621, 622, 624, 625, 626, 627, 628, 629, 630, 631 and 632) against each of the other Debtors (collectively, the "Protective Claims").

F. The Debtors filed an objection to The Silicon Graphics Claim and the Protective Claims on August 25, 2006 (the "Claims Objection") and an objection to the

Stay Relief Motion on August 28, 2006 (the "Stay Relief Objection"). Subsequently, the ad hoc committee (the "Ad Hoc Committee") of certain holders, for themselves and on behalf of certain funds and managed accounts, of 6.50% Senior Secured Convertible Notes filed a joinder in the Claims Objection and the Stay Relief Objection, and the Official Committee of Unsecured Creditors filed a joinder in the Stay Relief Objection.

G. LGE has indicated it intends to file an objection to confirmation of the Plan.

H. The Debtors and LGE (the "Parties") have negotiated a resolution of the foregoing matters by agreeing as provided herein.

## AGREEMENT

NOW, THEREFORE, in consideration of agreements set forth herein, the Parties stipulate as follows:

1. <u>Withdrawal of Stay Relief Motion</u>. LGE hereby withdraws the Stay Relief Motion, without prejudice; *provided, however*, that LGE shall not move again for relief from the automatic stay prior to confirmation of the Plan, the hearing on which is currently scheduled for September 19, 2006.

2. <u>No Objection to Plan</u>. The time within which LGE has to file an objection to confirmation of the Plan is, upon execution hereof, extended until 4:00 p.m. on September 7, 2006. Upon this Stipulation being "So Ordered" by the Court, LGE agrees that it shall not file any objection to the Plan on any ground and shall not oppose confirmation of the Plan.

3. <u>Prepetition Claims</u>. LGE hereby withdraws with prejudice the Protective Claims in the Debtors' chapter 11 cases and the Protective Claims are hereby expunged

and shall be entitled to no payment.  Nothing in this paragraph shall affect the Silicon Graphics Claim, or the Debtors' objection thereto or the Ad Hoc Committee's joinder in the Debtors' objection thereto; *provided, however*, that the Silicon Graphics Claim shall be treated as a General Unsecured Silicon Graphics Claim in Class 6 and discharged under the Plan; *provided further, however,* that the validity of the Silicon Graphics Claim shall be adjudicated and determined in the Bankruptcy Court unless the Parties agree otherwise or the Bankruptcy Court orders otherwise, and except as otherwise expressly set forth herein, LGE and SGI each reserves all of its respective rights with respect to the Silicon Graphics Claim in the Bankruptcy Court.  LGE agrees that the Plan and any order confirming the Plan (the "Confirmation Order") shall enjoin LGE from taking any action against the Debtors or Reorganized Debtors outside of the Bankruptcy Court to assert patent infringement claims relating to the LGE Patents to the extent such claims first arise before the Commencement Date.  The Reorganized Debtors, including reorganized Silicon Graphics, shall have no liability to LGE or its affiliates and subsidiaries for any claims of infringement of the LGE Patents which first arise before the Commencement Date.

    4. <u>Administrative Expense Claims</u>.  Any Valid Administrative Expense Claim (as defined herein) asserted by LGE shall be paid as provided by Section 2.1 of the Plan, or as provided in any order or ruling of a court of competent jurisdiction or by agreement of the parties; *provided*, *however*, that Silicon Graphics shall not be required to pay LGE on account of any Administrative Expense Claim in excess of $1,500,000 (one million five hundred thousand dollars).  For purposes of this Stipulation, "Valid Administrative Expense Claim" means a claim that satisfies all of the following

4

conditions: (a) is based on an allegation of infringement of an LGE Patent by Silicon Graphics; (b) is asserted solely against Silicon Graphics; (c) first arises between May 8, 2006 and the Effective Date,[1] inclusive; and (d) becomes liquidated by virtue of a final order or ruling of a court of competent jurisdiction, or by agreement of the Parties. The Bankruptcy Court shall retain non-exclusive jurisdiction solely to determine whether an Administrative Expense Claim of LGE first arises between the May 8, 2006 and the Effective Date. Notwithstanding anything in the Plan and Confirmation Order, the Parties agree that any Administrative Expense Claim asserted by LGE against Silicon Graphics may be asserted outside of the Bankruptcy Court in the same action in which LGE may assert any post-Effective Date claims alleging infringement of the LGE Patents. LGE shall not assert, and hereby waives and releases, any and all Administrative Expense Claims alleging infringement of the LGE Patents against any of the Debtors except Silicon Graphics. The Plan and Confirmation Order shall not enjoin LGE from commencing litigation against Silicon Graphics asserting patent infringement claims relating to the LGE Patents, to the extent such claims of infringement first arise between May 8, 2006 and the Effective Date of the Plan.

5. <u>Post-Effective Date Claims</u>. The Plan and Confirmation Order shall not enjoin LGE from commencing litigation against the Reorganized Debtors asserting patent infringement claims relating to the LGE Patents, but only insofar as such claims of infringement first arise after the Effective Date of the Plan.

---

[1] "Effective Date" and all other capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

5

6. **When Claims Deemed to First Arise**. For purposes of this Stipulation, provided that proper notice of any alleged infringement was previously provided to Silicon Graphics or the Reorganized Debtors, a patent infringement claim shall be deemed to first arise with respect to conduct of Silicon Graphics or the Reorganized Debtors, as may be applicable, on the earlier of: (a) the date of any written offer to sell in the United States a product alleged to infringe an LGE Patent or (b) the date of any contract for the sale in the United States of a product alleged to infringe an LGE Patent or (c) the date of manufacture in the United States of a product alleged to infringe an LGE Patent or (d) the date of importation into the United States of a product alleged to infringe an LGE Patent or (e) the date of use in the United States of a product alleged to infringe an LGE Patent or (f) the date of manufacture, sale, offer for sale, or importation into the United States of a product component alleged to infringe an LGE Patent, where said component is not a staple article of commerce and has no substantial noninfringing use or (g) the date of any action constituting inducement of a third party to make, use, sell, offer for sale, or import into the United States a product alleged to infringe an LGE Patent. This paragraph 6 shall not affect, and is without prejudice to, the Parties' rights, obligations, and defenses regarding the adequacy or timing of any notice of alleged infringement and the effect of any notice (or the timing of any notice) on liability or damages.

7. **Reservation of Rights**. Nothing in this Stipulation shall impair or otherwise affect any of Silicon Graphics' defenses to any claim of patent infringement by LGE and Silicon Graphics expressly reserves all defenses. Nothing in this Stipulation shall impair or otherwise affect any of LGE's substantive allegations regarding the merits

of LGE's patent infringement and damages assertions against SGI and LGE expressly reserves all such positions.

8. Nothing in this Stipulation is intended to be or shall be a release of any claims arising out of the failure to comply with the terms of this Stipulation. No express or implied license to any LGE Patents is granted by this Stipulation. The fixing of a maximum amount with respect to LGE's Administrative Expense Claims by this Stipulation is for the parties' and Court's convenience only, and is not deemed to be an adjudication or admission on the merits of any of the substantive issues involving LGE's assertions of patent infringement and damages claims against Silicon Graphics.

9. This Stipulation contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

10. This Stipulation may not be modified other than by a signed writing executed by the Parties hereto or by further order of this Court. Headings contained herein are for informational purposes only.

11. Each person who executes this Stipulation represents that he or she is duly authorized to execute this Stipulation on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation.

12. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies or facsimiles signed by the Parties hereto to be charged.

Dated: September 1, 2006
New York, New York

| | |
|---|---|
| By: /s/ Adam P. Strochak | By: /s/ Lee S. Attanasio |
| WEIL, GOTSHAL & MANGES LLP | SIDLEY AUSTIN LLP |
| 767 Fifth Avenue | 787 Seventh Avenue |
| New York, NY 10153-0119 | New York, NY 10019 |
| Telephone: (212) 310-8000 | Telephone: (212) 839-5300 |
| Facsimile: (212) 310-8007 | Facsimile: (212) 839-5599 |
| Gary T. Holtzer, Esq. (GH 7732) | Lee S. Attanasio (LA 3054) |
| Stephen A. Youngman, Esq. (*pro hac vice*) | John G. Hutchinson (JH 9328) |
| Adam P. Strochak, Esq. (AS 4104) | Teresa H. Chan (TC 9061) |
| Shai Y. Waisman, Esq. (SW 6854) | |
| | -and- |
| Attorneys for the Debtors and Debtors in Possession | Peter H. Kang |
| | 555 California St., Suite 2000 |
| -and- | San Francisco, CA 94104 |
| | Telephone: (415) 772-1200 |
| PAUL, HASTINGS, JANOFSKY & WALKER LLP | Facsimile: (415) 772-7400 |
| 515 South Flower Street, 25th Floor | Attorneys for LG Electronics, Inc. |
| Los Angeles, CA 90071-2228 | |
| Telephone: (213) 683-6000 | |
| Facsimile: (213) 627-0705 | |
| | |
| Special Intellectual Property Counsel to the Debtors and Debtors in Possession | |

SO ORDERED, this
8th day of September, 2006

/s/ Burton R. Lifland
UNITED STATES BANKRUPTCY JUDGE