WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer, Esq. (GH 7732)
Stephen A. Youngman, Esq. (*pro hac vice*)
Shai Y. Waisman, Esq. (SW 6854)

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | |
|---|---|
| In re : | |
| : | **Chapter 11 Case No.** |
| : | |
| **SILICON GRAPHICS, INC.,** *et al.*, : | **06-10977 (BRL)** |
| : | |
| Debtors. : | **(Jointly Administered)** |
| : | |

---------------------------------------------------------------x

**DEBTORS' REPLY TO OBJECTIONS AND RESPONSES
TO THE DEBTORS' FIRST AMENDED JOINT
PLAN OF REORGANIZATION UNDER CHAPTER 11 OF
<u>THE BANKRUPTCY CODE, DATED JULY 27, 2006, AS MODIFIED</u>**

TO THE HONORABLE BURTON R. LIFLAND,
UNITED STATES BANKRUPTCY JUDGE:

      1.    Annexed hereto as Exhibit "A" is a summary of the objections and responses (the "Objections") to the approval of the Debtors'[1] First Amended Joint Plan of Reorganization, dated July 27, 2006 (as modified, the "Plan") and the Debtors' responses thereto. The Debtors received three creditor objections and 15 shareholder objections (each, an "Objector," and collectively, the "Objectors") to the Plan.

---

[1] Capitalized terms used herein but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

2. The creditor Objections were filed by the following parties: (i) Lampe Conway & Co., LLC ("Lampe Conway"), (ii) Dallas County, Harris County/City of Houston and Houston Independent School District ("Taxing Authority"), and (iii) Storage Technology Corporation ("Storagetek"). The nature of each such Objection and the Debtors' response thereto, including language the Debtors have added to the Plan, is set forth in Exhibit "A." The Objections filed by Lampe Conway, the Taxing Authority, and Storagetek have all been resolved as set forth in Exhibit "A."

3. The 15 shareholder Objections were filed by Katherine and George Alexander; Songqing Xu; Yonjun Liu and Hui Ren; Mohendra S. Bawa, Ph.D. and Mrs. Ofir B. Bawa; Kozo Yamada; Yogesh S. Shah and Mrudula Y. Shah; Thomas R. and Katherine E. McDonald; Tilton L. O'Brien and Patricia H. O'Brien; F. Luke Chiu, M.D.; Tracey J. Sutcliffe; Malinda Sutcliffe; Theodore M. Raichel; William Kuntz, III; James Faucette; Harley O. Wroten Sr. and Charlotte A. Wroten; and Victor D. and Marjorie D. Ferguson and are summarized on Exhibit "A." The Debtors addressed six of the shareholder Objections in the Debtors' Reply to Objections and Responses to Debtors' Motion Seeking, Among Other Things, Approval of Disclosure Statement (the "Debtors' Disclosure Statement Reponses"), dated July 26, 2006 [Docket No. 407], and, as indicated therein, such Objections were actually objections to confirmation of the Plan. The nature of each shareholder Objection and the Debtors' response thereto are set forth on Exhibit "A".

4. The Debtors will also present arguments in support of their responses at the Confirmation Hearing.

WHEREFORE the Debtors respectfully request entry of an order confirming the Debtors' Plan and granting such other and further relief as is just.

Dated: September 15, 2006
       New York, New York

/s/ Gary Holtzer
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer, Esq. (GH 7732)
Stephen A. Youngman, Esq. (*pro hac vice*)
Shai Y. Waisman, Esq. (SW 6854)

Attorneys for Debtors and
Debtors in Possession

# **Exhibit A**

**IN RE SILICON GRAPHICS, INC., ET AL.**
**RESPONSE TO OBJECTIONS TO PLAN**

**Creditor Objections**

| OBJECTOR | NATURE OF OBJECTION/RESERVATION | RESPONSE |
|---|---|---|
| Storagetek | Objects to the Plan to the extent it seeks to assume any executory contract between the Debtors and Storagetek without fully curing all monetary defaults and providing adequate assurance of future performance. | Resolved. Silicon Graphics and Storagetek have signed a Cure Agreement. Storagetek has withdrawn its Objection. |
| | Storagetek objects to the Plan to the extent the Plan extends to an unspecified date after the confirmation hearing the time for the Debtors to assume or reject any executory contracts. | Resolved. Silicon Graphics and Storagetek have signed a Cure Agreement. Storagetek has withdrawn its Objection. |
| | Storagetek requests that the order confirming the Plan provide that the Debtors will cure all prepetition defaults five business days after the Effective Date. | Resolved. Silicon Graphics and Storagetek have signed a Cure Agreement. Storagetek has withdrawn its Objection. |

| OBJECTOR | NATURE OF OBJECTION/RESERVATION | RESPONSE |
|---|---|---|
| Dallas County, Harris County/City of Houston and Houston Independent School District | Objects to treatment of their claims (i.e., the Debtors' option to pay such claims on a semi-annual basis over five years). | Resolved. The Debtors have included the following language in the proposed confirmation order in exchange for the Taxing Authority's agreement to withdraw its Objection:<br><br>"Notwithstanding anything in the Plan or this Order to the contrary, Silicon Graphics shall pay the Allowed Priority Tax Claims and Allowed Secured Tax Claims of Harris County/City of Houston, Houston Independent School District, and Dallas County in Cash in full on the later of (i) the Effective Date (or as soon thereafter as is practicable) or (ii) the date that such amounts become due under applicable non-bankruptcy law; provided, however, that nothing in this paragraph shall affect the Debtors' rights to dispute the amount of any asserted Secured Tax Claim or Priority Tax Claim." |
| | The Plan fails to specify that the Taxing Authorities will retain their liens on the Debtors' property until their secured claims are paid in full. | Same as above. |
| | The Plan excludes adequate provisions in the event of default of Plan required payments. | Same as above. |

| OBJECTOR | NATURE OF OBJECTION/RESERVATION | RESPONSE |
|---|---|---|
| Lampe Conway | The Debtors have failed to provide Lampe Conway with an agreement governing the Lampe Conway Rights Offering Option, similar to the Backstop Commitment Agreement, in accordance with the Plan and Global Settlement Agreement. | Resolved. The Debtors have agreed to modify and replace the second sentence of Section 14.4 of the Plan as follows (new language in bold):<br><br>"Subject to the prior consent of the Ad Hoc Committee (which consent shall not be unreasonably withheld) and after consultation with the Creditors' Committee **and as otherwise provided in the Global Settlement Agreement**, the Plan may be altered, amended or modified at any time after the Confirmation Date and before substantial consummation, provided that the Plan, as altered, amended or modified, satisfies the requirements of sections 1122 and 1123 of the Bankruptcy Code and the Bankruptcy Court, after notice and a hearing, confirms the Plan, as altered, amended or modified, under section 1129 of the Bankruptcy Code and the circumstances warrant such alterations, amendments or modifications."<br><br>In addition, the Debtors agree that, under certain circumstances, Lampe Conway will have the right, in its sole discretion, to rescind the exercise of its election to exercise the Lampe Conway Rights Offering Option at any time on or prior to one business day following the entry of the proposed Confirmation Order. |
| | The Plan should be modified to provide that Lampe Conway will receive notice of and must consent to Plan amendments that are materially adverse to Lampe Conway. Also, the Plan provides that that Debtors need only secure Lampe Conway's consent to modifications to the Plan Supplement documents "where reasonably necessary." This qualification should be deleted. | Same as above. |

**Shareholder Objections**

| | | |
|---|---|---|
| Katherine and George Alexander | Silicon Graphics engaged in fraudulent conduct and the Plan provides for the elimination of existing shareholders. | The evidence presented in connection with confirmation of the Plan will demonstrate that the Plan was proposed in good faith and not by any means forbidden by law. As demonstrated by the affidavits of Edward M. Rimland and Brian R. Oliver filed in support of the Plan, the valuation does not support a recovery to existing shareholders. |
| Songqing Xu | Silicon Graphics failed to hold the required annual shareholder meetings and the chapter 11 proceedings should not go forward at this time due to the possible undervaluing of the potential market value of SGI's new products and the Debtors' interest in SGI Japan. | The evidence presented in connection with confirmation of the Plan will demonstrate that the Plan was proposed in good faith and not by any means forbidden by law. As demonstrated by the affidavits of Edward M. Rimland and Brian R. Oliver filed in support of the Plan, the valuation does not support a recovery to existing shareholders. |
| Yonjun Liu and Hui Ren | Silicon Graphics failed to hold the required annual shareholder meetings and the chapter 11 proceedings should not go forward at this time due to the possible undervaluing of the potential market value of SGI's new products and the Debtors' interest in SGI Japan. | As will be demonstrated on the record of the Confirmation Hearing, including affidavits submitted in support of confirmation of the Plan, the Plan was proposed in good faith and not by any means forbidden by law. As demonstrated by the affidavits of Edward M. Rimland and Brian R. Oliver filed in support of the Plan, the valuation does not support a recovery to existing shareholders. |
| Mohendra S. Bawa, Ph.D. and Mrs. Ofir B. Bawa | Existing holders of Silicon Graphics' common stock should be permitted to participate in a secondary stock offering to foster a turnaround of the company. | As demonstrated by the affidavits of Edward M. Rimland and Brian R. Oliver filed in support of the Plan, the valuation does not support a recovery to existing shareholders. |

| | | |
|---|---|---|
| Kozo Yamada | The Plan is unfair because shareholders did not have input into the Plan and the Plan provides for the elimination of existing shareholders without providing existing shareholders with new shares, warrants or rights in the restructured Silicon Graphics. | The evidence presented in connection with confirmation of the Plan will demonstrate that the Plan was proposed in good faith and not by any means forbidden by law. As demonstrated by the affidavits of Edward M. Rimland and Brian R. Oliver filed in support of the Plan, the valuation does not support a recovery to existing shareholders. |
| Yogesh S. Shah and Mrudula Y. Shah | Silicon Graphics engaged in fraudulent conduct and the Plan provides for the elimination of existing shareholders. | As will be demonstrated on the record of the Confirmation Hearing, including affidavits submitted in support of confirmation of the Plan, the Plan was proposed in good faith and not by any means forbidden by law. As demonstrated by the affidavits of Edward M. Rimland and Brian R. Oliver filed in support of the Plan, the valuation does not support a recovery to existing shareholders. |
| Thomas R. & Katherine E. McDonald | Silicon Graphics engaged in fraudulent conduct including, a lack of corporate formalities, and the Plan provides for the elimination of existing shareholders without allowing the shareholders to vote for or against the Plan. | The evidence presented in connection with confirmation of the Plan will demonstrate that the Plan was proposed in good faith and not by any means forbidden by law. As demonstrated by the affidavits of Edward M. Rimland and Brian R. Oliver filed in support of the Plan, the valuation does not support a recovery to existing shareholders. |
| Tilton L. O'Brien and Patricia H. O'Brien, Trustees of the Tilton L. O'Brien and Patricia H. O'Brien Living Trust UA 8/06/90 | Objects to Plan's treatment of existing shareholders. | As demonstrated by the affidavits of Edward M. Rimland and Brian R. Oliver filed in support of the Plan, the valuation does not support a recovery to existing shareholders. |
| F. Luke Chiu, M.D. | Requests recovery, if possible, on account of ownership of Silicon Graphics common stock. | As demonstrated by the affidavits of Edward M. Rimland and Brian R. Oliver filed in support of the Plan, the valuation does not support a recovery to existing shareholders. |

| | | |
|---|---|---|
| Tracey J. Sutcliffe | Morgan Stanley, Objector's stockbroker, is working to disenfranchise all common stockholders of Silicon Graphics and the Plan fails to provide existing shareholders with new shares. Requests formation of an Equity Committee and that shareholders be permitted to vote on the Plan. | As demonstrated by the affidavits of Edward M. Rimland and Brian R. Oliver filed in support of the Plan, the valuation does not support a recovery to existing shareholders. |
| Malinda Sutcliffe | Silicon Graphics failed to hold the required annual shareholder meetings, engaged in fraudulent conduct, and the Plan provides for the elimination of existing shareholders. Plan fails to provide existing shareholders with new shares, warrants, or other interests in Reorganized Silicon Graphics. Silicon Graphics' secured creditors, officers, and financial advisors should share a portion of the New Common Stock they receive under the Plan or their fees, as applicable, with current equity holders. | The evidence presented in connection with confirmation of the Plan will demonstrate that the Plan was proposed in good faith and not by any means forbidden by law. As demonstrated by the affidavits of Edward M. Rimland and Brian R. Oliver filed in support of the Plan, the valuation does not support a recovery to existing shareholders. |
| Theodore M. Raichel | Silicon Graphics engaged in fraudulent conduct, the Chapter 11 proceedings should be adjourned, Silicon Graphics filed for bankruptcy without seeking the input (or assistance) of the shareholders, and the Plan provides for the elimination of existing shareholders. An Equity Committee should be appointed and the chapter 11 proceedings should be adjourned. Existing equity holders should receive a distribution in the form of cash or new shares in Reorganized Silicon Graphics. | The evidence presented in connection with confirmation of the Plan will demonstrate that the Plan was proposed in good faith and not by any means forbidden by law. As demonstrated by the affidavits of Edward M. Rimland and Brian R. Oliver filed in support of the Plan, the valuation does not support a recovery to existing shareholders. |

| | | |
|---|---|---|
| William Kuntz, III | The Plan was not proposed in good faith, and provides for the elimination of existing shareholders and Silicon Graphics has not disclosed its intention to issue New Common Stock with any filing with the SEC. | The evidence presented in connection with confirmation of the Plan will demonstrate that the Plan was proposed in good faith and not by any means forbidden by law. As demonstrated by the affidavits of Edward M. Rimland and Brian R. Oliver filed in support of the Plan, the valuation does not support a recovery to existing shareholders. |
| James Faucette | Implies that Silicon Graphics mishandled its funds and asserts that the Debtors' officers and directors should not be permitted to function in such a capacity for another corporation. | The evidence presented in connection with confirmation of the Plan will demonstrate that the Plan was proposed in good faith and not by any means forbidden by law. |
| Harley O. Wroten Sr. & Charlotte A. Wroten | Stockholders should be included in any payments made. | As demonstrated by the affidavits of Edward M. Rimland and Brian R. Oliver filed in support of the Plan, the valuation does not support a recovery to existing shareholders. |
| Victor D. and Marjorie D. Ferguson | Plan fails to provide existing shareholders with any recovery. | As demonstrated by the affidavits of Edward M. Rimland and Brian R. Oliver filed in support of the Plan, the valuation does not support a recovery to existing shareholders. |