**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                              :
                                                   :     Chapter 11 Case No.
                                                   :
SILICON GRAPHICS, INC., *et al.*,                  :     06-10977 (BRL)
                                                   :
                        Debtors.                   :     (Jointly Administered)
                                                   :
---------------------------------------------------------------x

### STIPULATION, AGREEMENT AND ORDER BETWEEN THE REORGANIZED DEBTORS AND SEATTLE LANDMARK, LLC RESOLVING CLAIM NO. 30

RECITALS:

      A.      On May 8, 2006 (the "Commencement Date"), Silicon Graphics, Inc. ("Silicon Graphics") and its direct and indirect subsidiaries in the above-referenced chapter 11 cases (collectively, the "Debtors" and, as reorganized, the "Reorganized Debtors") each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Throughout the chapter 11 cases, the Debtors were authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

      B.      As of the Commencement Date, Silicon Graphics, as successor in interest to Alias/Wavefront, Inc., was party to that certain Lease Agreement (the "Lease") with Seattle Landmark, LLC ("Landmark"), as landlord, pursuant to which the Debtors leased office space located at Seattle Tower, 1218 Third Avenue, Suite 800, Seattle, Washington (the "Property").

C. In accordance with the Lease, prior to the Commencement Date, the Debtors provided Landmark with a security deposit in the amount of $8,279.50 (the "Security Deposit").

D. Pursuant to that certain Sublease Agreement, dated as of September 29, 2004, by and between Silicon Graphics, as sublessor, and Network Clarity, Inc. (the "Sublessee"), as sublessee, the Debtors sublet the Property to Network Clarity, Inc. (the "Sublease"). As of the Commencement Date, the Sublessee had vacated the premises.

E. On the Commencement Date, the Debtors filed with this Court a Motion For Authorization to (i) Reject Certain Unexpired Leases of Nonresidential Real Property and Executory Contracts Pursuant to Section 365(a) of the Bankruptcy Court and Bankruptcy Rule 6006 and (ii) Abandon Certain Property of the Estate Pursuant to Section 554(a) of the Bankruptcy Code and Bankruptcy Rule 6007 (the "Rejection Motion), pursuant to which the Debtors sought approval of the rejection of the Lease and the Sublease. By Order, dated May 31, 2006, the Court approved the rejection of the Lease and the Sublease.

F. On or about June 13, 2006, Landmark filed a proof of claim against Silicon Graphics in the aggregate amount of $169,346.29 [Claim No. 30] (the "Landmark Claim"), for damages arising from the Debtors' rejection of the Lease.

G. On September 15, 2006, the Debtors filed with this Court their First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated July 27, 2006, as modified (the "Plan"). On September 19, 2006, this Court entered

an Order confirming the Plan. The Effective Date (as defined in the Plan) of the Plan occurred on October 17, 2006.

H. Since the filing of the Landmark Claim, the Parties have engaged in good-faith, arm's-length negotiations in order to resolve the Landmark Claim and to permit Landmark to apply the Security Deposit against the Landmark Claim.

AGREEMENT:

1. On the date this Stipulation, Agreement and Order becomes a final and non-appealable order (the "Effective Date"), Landmark shall be permitted to apply the Security Deposit against the Landmark Claim and accordingly, the Landmark Claim shall be reduced to the amount of $161,066.79 and Landmark shall have an Allowed Class 6 (General Unsecured Silicon Graphics Claim) in such amount within the meaning of the Plan. As of the Effective Date (as defined herein), Landmark's proof of claim [Claim No. 30] shall be deemed to be amended in accordance with this Stipulation, Agreement, and Order.

2. Landmark represents and warrants that, other than the Landmark Claim, as modified by paragraph 1 hereof, it has no other claims (as such term is defined in section 101(5) of the Bankruptcy Code) including, without limitation, administrative, priority, secured, or unsecured claims (the "Claims"), against any of the Debtors or Reorganized Debtors with respect to or relating to the Lease or the Sublease.

3. This Stipulation, Agreement and Order contains the entire agreement between the Parties as to any and all Claims arising under or related to the Lease and the Sublease and supersedes all prior agreements and undertakings between the Parties relating thereto.

3

4. This Stipulation, Agreement and Order may not be modified other than by a signed writing executed by the Parties or by further order of this Court.

5. The Bankruptcy Court shall have sole and exclusive jurisdiction to hear disputes arising out of or related to this Stipulation.

6. Each person who executes this Stipulation, Agreement and Order represents that he or she is duly authorized to execute this Stipulation, Agreement and Order on behalf of the respective Parties and that each such party has full knowledge of and has consented to the terms and provisions hereof.

7. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies or facsimiles signed by the Parties hereto to be charged.

8. This Stipulation, Agreement and Order is subject to the approval of the Court and upon such approval shall inure to the benefit of the Parties hereto and their respective successors and assigns.

Dated: November 16, 2006
       New York, New York

| | |
|---|---|
| By: /s/ Shai Y. Waisman<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br>Gary T. Holtzer, Esq. (GH 7732)<br>Stephen A. Youngman, Esq. (*pro hac vice*)<br>Shai Y. Waisman, Esq. (SW 6854)<br><br>Attorneys for Reorganized Debtors | By: /s/ Christopher M. Alston<br>FOSTER PEPPER PLLC<br>1111 Third Avenue, Suite 3400<br>Seattle, WA 98101-3299<br>Telephone: (206) 447-2906<br>Facsimile: (206) 749-1904<br>Christopher M. Alston, Esq. (18823)<br><br>Attorneys for Seattle Landmark, LLC |
| | |

SO ORDERED
this 30 day of November, 2006

/s/Burton R. Lifland_____
UNITED STATES BANKRUPTCY JUDGE