**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                              :
                                                   :          **Chapter 11**
                                                   :
SILICON GRAPHICS, INC., et al.,                    :          **Case No. 06 - 10977 (BRL)**
                                                   :
                Debtors.                           :          **(Jointly Administered)**
                                                   :
-------------------------------------------------------------x

## STIPULATION, AGREEMENT, AND ORDER BETWEEN THE REORGANIZED DEBTORS AND QLOGIC CORPORATION IN RESPECT OF CERTAIN CLAIMS

RECITALS:

   A.  On May 8, 2006 (the "Commencement Date"), Silicon Graphics, Inc. and its direct and indirect subsidiaries in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors" and, as reorganized, the "Reorganized Debtors"), each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Throughout the chapter 11 cases, the Debtors were authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

   B.  On September 15, 2006, the Debtors filed with this Court their First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated July 27, 2006, as Modified (the "Plan").  On September 19, 2006, this Court entered an order confirming the Plan.  On October 17, 2006, the Effective Date (as defined in the Plan) occurred and the Debtors emerged from chapter 11.

C. Prior to the Commencement Date, Silicon Graphics purchased from QLogic Corporation ("QLogic") network storage equipment. Silicon Graphics and QLogic were also party to that certain Maintenance Agreement, dated as of July 1, 2003, pursuant to which QLogic provided certain maintenance services to Silicon Graphics' end-user customers (the "Maintenance Agreement"). Pursuant to written notice of termination, dated January 30, 2006, provided by Silicon Graphics to QLogic in accordance with section 3 of the Maintenance Agreement, the Maintenance Agreement terminated on July 1, 2006.

D. On or about August 3, 2006, QLogic filed proofs of claim numbers 481 through 494 against the Debtors (collectively, the "Proofs of Claim"), which assert the same $244,940.00 general unsecured claim against each of the 14 Debtors for goods and services provided to Silicon Graphics prior to the Commencement Date and $70,000.00 administrative priority claim against each of the 14 Debtors pursuant to section 503(b)(9) of the Bankruptcy Code for goods received by Silicon Graphics within the 20 days preceding the Commencement Date. On August 25, 2006, the Debtors filed their first omnibus claims objection (the "Objection"), objecting to, among other things, certain portions of the Proofs of Claim.

E. To resolve the Objection and the Proofs of Claim, the Reorganized Debtors and QLogic (collectively, the "Parties") agree to the terms of this stipulation, agreement, and order (the "Stipulation").

AGREEMENT AND ORDER:

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED:

1. <u>Allowance of Claim.</u>  QLogic shall have a single Allowed Administrative Expense Claim (as defined in the Plan) pursuant to section 503(b)(9) of the Bankruptcy Code against Debtor Silicon Graphics, Inc. in the amount of $70,000.00 and a single Allowed Class 6 General Unsecured Silicon Graphics Claim (as defined in the Plan) in the amount of $244,940.00 (collectively, the "Allowed Claims").  The Allowed Claims shall be Allowed as set forth herein without necessity of any further filings or amendments, including without limitation any proof of claim.  The Allowed Claims shall not be subject to objection.

2. <u>Proof of Claim.</u>  Except for proof of claim number 491 ("POC 491"), the Proofs of Claim are disallowed and expunged in their entirety.  POC 491 is hereby amended to assert only the Allowed Claims without any further action, and QLogic shall have no right to (i) modify or amend the Proofs of Claim or (ii) file any other proofs of claim or otherwise assert any other Claims (as defined in the Plan), including, without limitation, administrative, priority, or secured Claims, against the Debtors or the Reorganized Debtors arising prior to the Commencement Date.  Nothing in the preceding sentence shall constitute a waiver or release of any defense by QLogic should the Reorganized Debtors (or any party acting on their behalf) commence an action against QLogic.

3. <u>Representation of Non-Assignment.</u> QLogic represents and warrants that it has not assigned or transferred any Claim against the Debtors to any other person or entity.

4. <u>Waiver.</u> The Reorganized Debtors waive any Claims and causes of action they may have against QLogic pursuant to sections 544, 545, 546, 547, and 548 of the Bankruptcy Code.

5. <u>Successors and Assigns.</u> This Stipulation shall be binding upon and inure to the benefit of the assigns, representatives, heirs, and successors of the Parties hereto.

6. <u>Modifications.</u> This Stipulation can only be amended or otherwise modified by a signed writing executed by the Parties hereto.

7. <u>Prior Agreements.</u> This Stipulation contains the entire agreement between the Parties and supersedes all prior agreements and undertakings between the Parties relating to the subject matter hereof.

8. <u>Further Assurances.</u> Each Party to this Stipulation shall execute all instruments and documents and take all actions as may be reasonably required to effectuate this Stipulation.

9. <u>Attorneys' Fees.</u> Each Party shall be responsible for its respective costs and expenses (including, without limitation, attorneys' fees) incurred by it in negotiating, drafting, and executing this Stipulation and shall not be responsible for the payment of any such fees or costs incurred by any other party hereto.

10. <u>Governing Law.</u>  This Stipulation shall be governed by, interpreted, and enforced exclusively by the United States Bankruptcy Court for the Southern District of New York in accordance with the laws of the State of New York.

11. <u>Authorization.</u>  Each person who executes this Stipulation represents that he or she is duly authorized to execute this Stipulation on behalf of the respective Party hereto and that each such Party has full knowledge and has consented to the terms and provisions hereof.

12. <u>Headings.</u>  The headings of this Stipulation have been included only for convenience and shall not be deemed in any manner to modify or limit any of the provisions of this Stipulation or be used in any manner in the interpretation of this Stipulation.

13. <u>Drafting Ambiguities.</u>  Each Party and its legal counsel have reviewed and revised this Stipulation.  The rule of construction that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Stipulation or any addendums, amendments, or exhibits to this Stipulation.

14. <u>Counterparts.</u>  This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

Dated: November 17, 2006
      New York, New York

/s/ Shai Waisman
Gary T. Holtzer, Esq. (GH 7732)
Stephen A. Youngman, Esq. (pro hac vice)
Shai Y. Waisman, Esq. (SW 6854)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Reorganized Debtors

Dated: November 16, 2006
      New York, New York

/s/ Hilary S. Reed
Austin K. Barron, Esq. (CA Bar #204452)
Hilary S. Reed, Esq.  (CA Bar #234138)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California  90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for QLogic Corporation

SO ORDERED
this 5th day of December, 2006

/s/Burton R. Lifland
UNITED STATES BANKRUPTCY JUDGE