Hearing Date: September 18, 2007 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: September 14, 2007 at 4:00 p.m. (prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer, Esq. (GH 7732)
Stephen A. Youngman, Esq. (*pro hac vice*)
Shai Y. Waisman, Esq. (SW 6854)
Attorneys for Debtors
and Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
| In re | : |
| | : | **Chapter 11 Case No.**
| | : |
| **SILICON GRAPHICS, INC.**, *et al.*, | : | **06-10977 (BRL)**
| | : |
| Debtors. | : | **(Jointly Administered)**
| | : |
------------------------------------------------------------x

**NOTICE OF APPLICATION PURSUANT TO RULE 9006(b)(1)
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR
AN EXTENSION OF TIME TO FILE (A) AN APPLICATION FOR FINAL
DECREE AND (B) A CLOSING REPORT FOR THE ACTIVE CHAPTER 11 CASES**

PLEASE TAKE NOTICE THAT Silicon Graphics, Inc.'s, and its subsidiaries (collectively, the "Debtors" and as reorganized, the "Reorganized Debtors") in the above-captioned chapter 11 cases filed in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") filed an application, dated September 4, 2007 (the "Application"), for an extension of time to file (a) an application for a final decree and (b) a closing report in these chapter 11 cases.

PLEASE TAKE FURTHER NOTICE that objections or responses, if any, to the Application must be in writing, must conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of

NY2:\1785085\03\129DP03!.DOC\74207.0008

New York, must set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party against the Reorganized Debtors' estates or property, the basis for the objection and the specific grounds therefor, and must be filed by **September 14, 2007 at 4:00 p.m. (Prevailing Eastern Time)** with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System may be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182, and any objection must further be served upon: (i) Silicon Graphics, Inc., 1140 E. Arques Avenue, Sunnyvale, CA 94085, Attention: Barry Weinert, Esq.; (ii) Weil, Gotshal & Manges LLP, attorneys for the Reorganized Debtors, 767 Fifth Avenue, New York, New York 10153, Attention: Gary T. Holtzer, Esq. and Shai Y. Waisman, Esq.; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attention: Lisa L. Lambert, Esq.; and (iv) Winston & Strawn LLP, attorneys for the official committee of unsecured creditors, 200 Park Avenue, New York, New York 10166, Attention: David Neier, Esq., so as to be received no later than **September 14, 2007, at 4:00 p.m. (prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that a hearing to consider the relief requested in the Application shall be held before the Honorable Burton R. Lifland, United States Bankruptcy Judge, on **September 18, 2007 at 10:00 a.m. (prevailing Eastern Time)**, at the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 or as soon thereafter as counsel may be heard.

Dated: September 4, 2007
      New York, New York

    /s/ Shai Y. Waisman
Gary T. Holtzer, Esq. (GH 7732)
Stephen A. Youngman, Esq. (*pro hac vice*)
Shai Y. Waisman, Esq. (SW 6854)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS FOR DEBTORSAND
REORGANIZED DEBTORS

Hearing Date: September 18, 2007 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: September 14, 2007 at 4:00 p.m. (prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer, Esq. (GH 7732)
Stephen A. Youngman, Esq. (*pro hac vice*)
Shai Y. Waisman, Esq. (SW 6854)

Attorneys for Debtors and
Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | **Chapter 11 Case No.** |
| | : | |
| **SILICON GRAPHICS, INC.,** *et al.*, | : | **06-10677 (BRL)** |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

-------------------------------------------------------------x

**APPLICATION PURSUANT TO RULE 9006(b)(1) OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AN
EXTENSION OF TIME TO FILE (A) AN APPLICATION FOR FINAL
DECREE AND (B) A CLOSING REPORT FOR THE ACTIVE CHAPTER 11 CASES**

TO THE HONORABLE BURTON R. LIFLAND,
UNITED STATES BANKRUPTCY JUDGE:

Silicon Graphics, Inc. ("Silicon Graphics") and its direct and indirect subsidiaries in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors" and as reorganized, the "Reorganized Debtors"), respectfully represent:

**Preliminary Statement**

1. The Debtors commenced these cases in May of 2006 and successfully confirmed their plan of reorganization only four short months later.  The Debtors' chapter 11 cases were successful.  The Debtors' business operations were rationalized and their balance sheet was recapitalized.  Since the confirmation hearing, all claims filed against the Inactive

NY2:\1785085\03\129DP03!.DOC\74207.0008

Cases (defined below) have been reconciled and allowed. Except for seven claims filed, all claims filed against the Active Cases (defined below) have been reconciled an allowed and two distributions have been made to the holders of allowed claims. Although much has been accomplished in these cases, the Reorganized Debtors are seeking an extension of time to file a closing report and application for a final decree so that it can resolve a discrete matter that is currently on appeal, determine whether to prosecute avoidance actions, and attempt to resolve the few outstanding claims on a consensual basis. Concurrently with this Application, the Reorganized Debtors filed a closing report and application for a final decree for the ten Inactive Cases that have each been fully administered pursuant to the Plan.

## Background

2. On May 8, 2006 (the "Commencement Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Throughout the chapter 11 cases, the Debtors were authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. By order, dated May 9, 2006, the Debtors' chapter 11 cases were consolidated for procedural purposes only and were jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. On September 19, 2006, the Court held a hearing (the "Confirmation Hearing") on the Reorganized Debtors' First Amended Joint Plan of Reorganization, dated July 27, 2006 (as modified, the "Plan"). Following the Confirmation Hearing, the Court entered an order, dated September 19, 2006 (the "Confirmation Order"), confirming the Plan. On October 17, 2006, the Effective Date (as defined in the Plan) under the Plan occurred.

    5.  On September 25, 2006, the Court entered the Post-Confirmation Order and Notice (the "Post-Confirmation Order") directing the Reorganized Debtors to submit (i) a closing report (the "Closing Report") in accordance with Local Bankruptcy Rule 3022-1 and (ii) an application for final decree (the "Final Decree Application") in accordance with section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022.  The Post-Confirmation Order further provides that the Closing Report and the Final Decree Application are to be filed within one (1) calendar year after the date of the Confirmation Order and that such period may be extended for cause.

## Case Administration

    6.  To date, the Reorganized Debtors have made significant progress in these cases.  The Plan has been substantially consummated and all except a few claims have been resolved and allowed.

    7.  The Reorganized Debtors have filed five omnibus objections to proofs of claims.  Of the 800 proofs of claim filed in these cases, the Reorganized Debtors have objected to 400 and only seven remain unresolved.  The remaining proofs of claim have been allowed and distributions have been made to such claim in accordance with the applicable provisions under the Plan.

    8.  The Reorganized Debtors have made two distributions to holders of Allowed General Unsecured Silicon Graphics Claims (as defined in the Plan) on or about December 6, 2006 and June 27, 2007.  To date, the cumulative distribution to holders of Allowed General Unsecured Silicon Graphics Claims is approximately 24.69%.  As the Reorganized Debtors continue to resolve disputed claims, they will make further distributions pursuant to Article VI of the Plan.

**Jurisdiction**

9.      This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

By this Application, and pursuant to Bankruptcy Rule 9006(b)(1) and the Post-Confirmation Order, the Reorganized Debtors are seeking an extension of the time to file (i) the Closing Report and (ii) the Final Decree Application through and including September 19, 2008 with respect to the following cases, (i) Silicon Graphics, Inc. (06-10977), (ii) Silicon Graphics Federal Inc. (06-10978), (iii) Cray Research, LLC (06-10979), and (iv) Silicon Graphics World Trade Corporation (06-10981) (collectively, the "Active Cases").  A copy of the proposed order granting such relief is annexed hereto.

**Applicable Law**

1.      Bankruptcy Rule 9006(b)(1) provides, in pertinent part:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of such specified period permit the act to be done where the failure to act was the result of excusable neglect.

Bankruptcy Rule 9006(b)(1). In addition, as stated, pursuant to the Post-Confirmation Order, the Court may extend the time to file the Closing Report and the Final Decree Application.

### Cause Exists to Extend The Time
### to File the Final Decree Application and the Closing Report

10. As described above, approximately 800 proofs of claim were filed in these cases and the Reorganized Debtors have objected to approximately 400 of such claims. In light of the time necessary to prepare and prosecute the numerous omnibus objections to claims that have been filed and the expense in resolving such objections and responses thereto, the Reorganized Debtors are still actively involved in the resolution of certain claims in the Active Cases.

11. In the Silicon Graphics case, four claims remain unresolved, which are, (i) American Home Assurance Company, et al. (proof of claim no. 541), (ii) Wells Fargo Foothill, Inc. (proof of claim no. 662), (iii) California State Board of Equalization (proof of claim no. 810), and (iv) CIT Group (proof of claim no. 602).

12. In the Silicon Graphics Federal Inc. case, two claims remain unresolved, which include, (i) California State Board of Equalization (proof of claim no. 809) and (ii) Wells Fargo Foothill, Inc. (proof of claim 661). In the Silicon Graphics World Trade Corporation case, one claim remains unresolved, which was filed by Wells Fargo Foothill, Inc. (proof of claim no. 660). The claims filed by Wells Fargo Foothill, Inc. are duplicative claims and the issues with respect to each claim are identical. In each case, the Reorganized Debtors are actively pursuing the consensual resolution of the foregoing claims and expect to achieve the resolution of each within the time frame contemplated by this Application.

13. The other matter preventing the Reorganized Debtors from closing the Cray Research, LLC case is an appeal filed by William Kuntz, III. Mr. Kuntz filed a notice of appeal of this Court's Memorandum Decision and Order, each dated June 20, 2007, denying Mr. Kuntz's motion to reinstate his proof of claim.

14. In addition to the unresolved claims described above, the Reorganized Debtors are considering whether to prosecute certain avoidance action. As a result, the Active Case must stay open until the Reorganized Debtor make a final determination.

15. The Reorganized Debtors have diligently pursued the resolution of all pending matters in the Active Cases and such efforts are continuing. In view of these pending matters, the Reorganized Debtors submit that an extension of time to file the Closing Report and the Final Decree Application for the Active Cases is appropriate and should be extended for a period of one year from September 19, 2007.

## Notice

16. The Reorganized Debtors have served notice of this Application on (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attention: Lisa L. Lambert, Esq. and (ii) Winston & Strawn LLP, attorneys for the official committee of unsecured creditors, 200 Park Avenue, New York, New York 10166. In light of the nature of the relief requested, the Reorganized Debtors submit that no other or further notice need be provided.

## Waiver of Memorandum of Law

17. This Application does not raise any novel issues of law not otherwise addressed herein and, accordingly, the Reorganized Debtors respectfully request that the Court waive the requirement contained in Local Bankruptcy Rule 9013-1(b) that a separate memorandum of law be submitted in support thereof.

18. A copy of this Application has been provided to (i) the official committee of unsecured creditors appointed in the Debtors' chapter 11 cases and (ii) the United States

Trustee for the Southern District of New York. The Reorganized Debtors submit that no other or further notice is necessary.

19. No previous application for the relief requested herein has been made to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order, substantially in the form annexed hereto, granting the relief requested herein and such other and further relief as is just.

Dated: September 4, 2007
New York, New York

/s/ Shai Y. Waisman
Gary T. Holtzer, Esq. (GH 7732)
Stephen A. Youngman, Esq. (*pro hac vice*)
Shai Y. Waisman, Esq. (SW 6854)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS FOR DEBTORS AND
REORGANIZED DEBTORS

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re                                              :
                                                   :       Chapter 11 Case No.
                                                   :
SILICON GRAPHICS, INC., et al.,                    :       06-10977 (BRL)
                                                   :
                Debtors.                           :       (Jointly Administered)
                                                   :
----------------------------------------------------------------x
```

### ORDER PURSUANT TO RULE 9006(b)(1) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE EXTENDING TIME TO FILE (A) AN APPLICATION FOR FINAL DECREE AND (B) A CLOSING REPORT FOR THE ACTIVE CHAPTER 11 CASES

Upon the Application, dated September 4, 2007 (the "Application"), of Silicon Graphics, Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors" and, as reorganized, the "Reorganized Debtors"), pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, extending the time within which the Reorganized Debtors are required to file (i) an application for a closing report (the "Closing Report") and (ii) a final decree (the "Final Decree Application") closing the active chapter 11 cases of (i) Silicon Graphics, Inc. (06-10977), (ii) Silicon Graphics Federal Inc. (06-10978), (iii) Cray Research, LLC (06-10979), and (iv) Silicon Graphics World Trade Corporation (06-10981) (collectively, the "Active Cases") in accordance with Local Bankruptcy Rule 3022-1 for a period of one year from September 19, 2007, all as more fully set forth in the Application; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application having been provided to (i) the official committee of unsecured creditors appointed in the Debtors' chapter 11 cases and (ii) the United States Trustee for the Southern District of New York, and it appearing that no other or further notice need be provided; and upon the Application and all of the proceedings had before the Court; and after due deliberation and sufficient cause therefor, it is

ORDERED that the Application is granted; and it is further

ORDERED that the deadline by which the Reorganized Debtors are required to file the Final Decree Application and the Closing Report for the Active Cases is extended to and including September 19, 2008; and it is further

ORDERED that the extension of time provided herein is without prejudice to further extensions upon application by the Reorganized Debtors therefor; and it is further

ORDERED that the requirement pursuant to Local Bankruptcy Rule 9013-1(b) that the Reorganized Debtors file a memorandum of law in support of the Application is hereby waived.

Dated: September __, 2007
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE