WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer, Esq. (GH 7732)
Stephen A. Youngman, Esq. (*pro hac vice*)
Shai Y. Waisman, Esq. (SW 6854)
Attorneys for Debtors
and Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
| In re | : | |
| :--- | :--- | :--- |
| | : | **Chapter 11 Case No.** |
| | : | |
| **SILICON GRAPHICS, INC.**, *et al.*, | : | **06-10977 (BRL)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |

------------------------------------------------------------x

**THIRD POST-CONFIRMATION STATUS
REPORT OF THE REORGANIZED DEBTORS PURSUANT
TO SECTION 1106(A)(7) OF THE BANKRUPTCY CODE, LOCAL
BANKRUPTCY RULE 3021-1 AND THE POST-CONFIRMATION ORDER**

TO THE HONORABLE BURTON R. LIFLAND,
UNITED STATES BANKRUPTCY JUDGE:

Silicon Graphics, Inc. ("Silicon Graphics") and its direct and indirect subsidiaries in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors" and as reorganized, the "Reorganized Debtors"), respectfully represent:

**Background**

1. On May 8, 2006 (the "Commencement Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Throughout the chapter 11 cases, the Debtors were authorized to

continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. By order, dated May 9, 2006, the Debtors' chapter 11 cases were consolidated for procedural purposes only and were jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

3. On September 19, 2006, the Court held a hearing (the "<u>Confirmation Hearing</u>") on the Debtors' First Amended Joint Plan of Reorganization, dated July 27, 2006 (as modified, the "<u>Plan</u>"). Following the Confirmation Hearing, the Court entered an order, dated September 19, 2006 (the "<u>Confirmation Order</u>"), confirming the Plan. On October 17, 2006, the Effective Date (as defined in the Plan) under the Plan occurred.

4. On September 25, 2006, the Bankruptcy Court entered the Post-Confirmation Order and Notice [Docket No. 644] (the "<u>Post-Confirmation Order</u>") which sets forth, among other things, the requirements for filing periodic status reports advising this Court of the steps taken by the Debtors toward consummation of the Plan.

5. On September 4, 2007, the Reorganized Debtors filed their first status report (the "<u>First Status Report</u>") for the periods ending January 15, 2007, April 15, 2007, and July 15, 2007 to advise this Court of their progress since the Effective Date.

6. On October 9, 2007, the Reorganized Debtors filed their second status report (the "<u>Second Status Report</u>") for the period ending October 9, 2007 to advise this Court of their progress since the First Status Report.

**Case Administration**

7.  As set forth in the First Status Report, the Second Status Report, and herein, the Reorganized Debtors have made significant progress in these cases since confirmation of the Plan.

8.  The Reorganized Debtors filed five omnibus objections and have objected to approximately 400 of the 800 proofs of claims filed in these chapter 11 cases. The Reorganized Debtors have fully resolved all but seven of the 400 claims that were subject to objections and obtained an order expunging, reducing, or reclassifying such claims or resolved such claims on a consensual basis. Other than the seven proofs of claims, all remaining proofs of claims have been allowed.

9.  In the Silicon Graphics case, the Reorganized Debtors are still actively involved in the resolution of the following claims, (i) American Home Assurance Company, *et al*. (proof of claim no. 541), (ii) Wells Fargo Foothill, Inc. (proof of claim no. 662), (iii) California State Board of Equalization (proof of claim no. 810), and (iv) CIT Group (proof of claim no. 602).

10.  In the Silicon Graphics Federal Inc. case, the two claims that remain unresolved are, (i) California State Board of Equalization (proof of claim no. 809) and (ii) Wells Fargo Foothill, Inc. (proof of claim 661). In the Silicon Graphics World Trade Corporation case, one claim remains unresolved, which also was filed by Wells Fargo Foothill, Inc. (proof of claim no. 660). The claims filed by Wells Fargo Foothill, Inc. are duplicative claims and the issues with respect to each claim are identical.

11. The foregoing represent less than 1% of the proofs of claim filed against these estates. The Reorganized Debtors, with the assistance of their advisors, have reviewed and continue to review and reconcile the outstanding proofs of claim.

**Appeal of William Kuntz, III**

12. On December 4, 2006, the Reorganized Debtors filed the Fourth Omnibus Objection to Proofs of Claim (the "Fourth Omnibus Objection"), which objected to, among other things, proof of claim no. 792 filed by William Kuntz, III, dated August 2, 2006 (the "Kuntz Claim"), on the basis of no record of liability. The Kuntz Claim was filed against Cray Research, LLC (Case No. 06-10979) as a general unsecured nonpriority claim in the amount of $892,000. Kuntz attached six newspaper articles published in the New York Times and two web-based articles as supporting documents for the Kuntz Claim.

13. Mr. Kuntz never responded to the Fourth Omnibus Objection and on January 9, 2007, the Bankruptcy Court expunged the Kuntz Claim on the basis of no record of liability. In May of 2007, Mr. Kuntz filed a motion to reinstate such claim and on June 20, 2007. Mr. Kuntz failed to appear for the hearing on his motion and the Bankruptcy Court denied the motion to reinstate. On or about June 28, 2007, Mr. Kuntz filed a notice of appeal of the order denying the motion to reinstate. The case number for the appeal is 1:07-cv-07698 (DAB) and is pending in the District Court for the Southern District of New York before the Honorable Deborah A. Batts (the "District Court").

14. On November 1, 2007, Mr. Kuntz filed his opening brief and the Reorganized Debtors filed their response brief on November 19, 2007. On December 19, 2007, the Reorganized Debtors requested a hearing date for oral argument on the appeal. The Reorganized Debtors' foregoing request is pending before the District Court.

**Distributions**

15. On or about December 6, 2006, holders of Allowed General Unsecured Silicon Graphics Claims received the initial distribution, which totaled 20.85% of each claim. On or about June 27, 2007, the second distribution occurred and holders of Allowed General Unsecured Silicon Graphics Claims received a distribution that brought the cumulative distribution on their allowed claims to 24.69%. Prior to October 1, 2007, the third distribution occurred and the holders of Allowed General Silicon Graphics Claims received a distribution that brought the cumulative distribution on their allowed claims to 25.72%.

16. The Reorganized Debtors will make the remaining distributions to the holders of Allowed General Unsecured Silicon Graphics Claims in accordance with the Plan.

**Application to Close the Inactive Cases**

17. On September 4, 2007, the Reorganized Debtors filed a closing report and application for a final decree closing 10 of the 14 Reorganized Debtors' chapter 11 cases (the "Inactive Cases").[1] The Inactive Cases have been "fully administered" within the meaning of section 350 of the Bankruptcy Code. On November 30, 2007, the Court entered an order closing the Inactive Cases.

**DRAM Litigation**

18. On September 17, 2007, the Reorganized Debtors filed a motion (the "Motion to Clarify") for an order clarifying the scope of the price fixing claims assigned under the Plan and the Liquidating Trust (as defined in the Plan) that the Reorganized Debtors hold

---

[1] The Inactive Cases include, (i) Silicon Graphics Real Estate, Inc. (Case No. 06-10980), (ii) Silicon Studio, Inc. (Case No. 06-10982), (iii) Cray Research American Latina Ltd. (Case No. 06-10983), (iv) Cray Research Eastern Europe Ltd. (Case No. 06-10984), (v) Cray Research India Ltd. (Case No. 06-10985), (vi) Cray Research International, Inc. (Case No. 06-10986), (vii) Cray Financial Corporation (Case No. 06-10987), (viii) Cray Asia/Pacific, Inc. (Case No. 06-10988), (ix) ParaGraph International, Inc. (Case No. 06-10989) and (x) WTI Development, Inc. (Case No. 06-10990).

against certain manufacturers of dynamic random access memory used in the Reorganized Debtors' products (the "DRAM Claims").  On September 26, 2007, Samsung Electronics Co., Ltd. ("Samsung") filed an objection to the Motion to Clarify.  On October 25, 2007, the Reorganized Debtors filed a reply to Samsung's objection and Samsung filed a sur-reply on November 27, 2007.

19. On November 29, 2007, the Court heard oral argument on the Motion to Clarify and entered an order on this date approving such motion.  On December 10, 2007, Samsung filed a notice of appeal with respect to the order approving the Motion to Clarify.  Samsung and the Reorganized Debtors have filed their respective statement of issues and designation of the record on appeal.  This appeal is in its early stages and has not yet been assigned to a district court judge.

**Notice**

20. Notice of this status report has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel to Wells Fargo Foothill, Inc., the agent for the Debtors' prepetition secured lenders, (iii) counsel to the *ad hoc* committee of secured noteholders, (iv) counsel to U.S. Bank National Association, indenture trustee for the Reorganized Debtors' secured noteholders, (v) counsel to JPMorgan Chase Bank, indenture trustee for the holders of the Debtors' unsecured debentures, (vi) counsel to the former official committee of unsecured creditors, (vii) counsel to Morgan Stanley Senior Funding, Inc., the agent for the Debtors' postpetition credit facility, and (viii) those parties entitled to notice pursuant to this Court's order, dated May 31, 2006, establishing notice procedures in the Debtors' chapter 11 cases.  In light of the nature of the relief requested, the Reorganized Debtors submit that no other or further notice need be provided.

## **Conclusion**

21. The Reorganized Debtors continue to make progress toward the resolution of all outstanding issues related to these chapter 11 cases. The Reorganized Debtors will continue to provide the Bankruptcy Court with status reports in compliance with the Post-Confirmation Order until the four remaining cases are closed.

Dated: January 15, 2008
      New York, New York

/s/ Shai Y. Waisman
Gary T. Holtzer, Esq. (GH 7732)
Stephen A. Youngman, Esq. (*pro hac vice*)
Shai Y. Waisman, Esq. (SW 6854)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS FOR DEBTORS AND
REORGANIZED DEBTORS